UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONYA STIDHUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-01441-SPM |
| | ) |
| ACCESS HEALTH, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant Access Health's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. (Doc. 7). Plaintiff Tonya Stidhum has filed a response, in which she requests that if the Court finds it does not have jurisdiction over this action, the Court transfer the action to a United States District Court in Texas. (Doc. 11). Defendant has filed a Reply, in which it opposes Plaintiff's request to transfer venue. (Doc. 12). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 8). For the following reasons, the Court finds that it does not have personal jurisdiction over this action, that venue is improper, and that the case should be dismissed without prejudice and not transferred.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In her Complaint, which was filed *pro se*, Plaintiff Tonya Stidhum alleges the following. Plaintiff is a citizen of Missouri and a citizen of Texas. Plaintiff is domiciled in the Eastern District of Missouri, she resides in Missouri four months out of the year, and she resides in Texas the other eight months of the year. Defendant is a corporation incorporated in Texas and having its principal

place of business in Richmond, Texas.

In June of 2020, Defendant set up mobile COVID-19 testing sites throughout the state of Texas. On June 11, 2020, Plaintiff visited one of those sites for testing, and she was swabbed through her nasal cavity by Defendant's employees. On July 24, 2020, Plaintiff again visited a different testing site set up by Defendant, and she was again swabbed through her nasal cavity. Plaintiff attached to her complaint lab reports describing the tests, each of which list her address as being in Richmond, Texas and list an address for "Access Health-Mobile" in Missouri City, Texas; the address of the lab was in Houston, Texas. Pl.'s Ex. A, Doc. 1-1; Pl.'s Ex. B, Doc. 1-2.

Following these tests, Plaintiff began to suffer a severe runny nose, coughing, and a roaring/pulsating sound in her right ear. It was discovered that she was leaking cerebrospinal fluid through her nose and that she had a skull base defect. Her doctor, Susan Edionwe, M.D., opined that the defect had been created by aggressive swabbing from her COVID-19 test. Plaintiff attached to her Complaint notes and a letter from Dr. Edionwe; the notes indicate that both Plaintiff's and Dr. Edionwe's addresses were in Richmond, Texas. Pl.'s Ex. C, Doc. 1-3; Pl.'s Ex. D, Doc. 1-4. Plaintiff also attached to her Complaint notes from a second doctor who treated her for her injury, Sevak Ohanian, M.D.; these notes state that she had a "CSF leak likely attributed to nasal swab insertion in the left nostril for testing with trauma to the left skull base." Pl.'s Ex. E, Doc. 1-5. Dr. Ohanian's office is in Katy, Texas. *Id.*

In Defendant's motion to dismiss based on lack of personal jurisdiction and improper venue, Defendant states that it has no contacts with the State of Missouri that could support the Court's exercise of jurisdiction over it, and that venue is improper because none of the events on which Plaintiff's claims are based occurred in Missouri. Defendant also argues that venue would be proper in the United States District Court for the Southern District of Texas. To support these

assertions, Defendant attached to its motion the following: (1) a screenshot of the Texas Medical Board website showing that Dr. Edionwe is licensed in Texas and has her primary practice address in Texas, Doc. 7-3; (2) its Articles of Incorporation, showing that it is incorporated in the State of Texas, Doc. 7-1; and (3) an affidavit from its CEO, Michael Dotson, Doc. 7-2. In the affidavit, Dotson states that Defendant maintains no offices, places of business, post office boxes, real estate facilities, bank accounts, or other interests in property in Missouri; has no employees, agents, or servants in Missouri; does not advertise, solicit, market, or promote its clinics in Missouri; does not have any clinics or COVID-19 testing sites in Missouri; and has clinics and testing sites only in Texas. Aff. Of Michael Dotson, Doc. 7-2.

In her response, Plaintiff did not attempt to controvert any of Defendant's points regarding venue or personal jurisdiction. However, she requests that if the Court finds it lacks jurisdiction, the Court transfer the case to a United States District Court in Texas.

## II.   DISCUSSION

The Court will consider, in turn, (A) Defendant's argument that the Court does not have personal jurisdiction, (B) Defendant's argument that venue is improper, and (C) Plaintiff's request that, in the even that this Court finds that it lacks personal jurisdiction, the Court transfer the case to a court in a different district.

### A. Personal Jurisdiction

The Court first considers Defendant's argument that this Court lacks personal jurisdiction.[1]

---

[1] As discussed below, the Court also has questions regarding whether it has subject matter jurisdiction in this case; however, "certain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999)). This is a case where the issue of personal jurisdiction is simple and the issue of subject-matter jurisdiction is complicated.

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal of a complaint based on a lack of personal jurisdiction. To defeat a motion to dismiss for lack of personal jurisdiction, "the nonmoving party needs only make a prima facie showing of jurisdiction." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (citing *Dakota Indus., Inc. v. Dakota Sportswear Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991)). "The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and the opposition thereto.'" *Id.* (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). The Court views the evidence in the light most favorable to the plaintiff. *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020).

Personal jurisdiction can be either specific or general. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Id.* (quoting *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir. 2008)).

Plaintiff has not made a prima facie showing of general jurisdiction. "[G]eneral jurisdiction can only be asserted insofar as it is authorized by state law and permitted by the Due Process Clause" of the Fourteenth Amendment. *Viasystems, Inc,* 646 F.3d at 595 (citing *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993)). Under the Due Process clause, "[a] court may assert general jurisdiction over foreign corporations only if they have developed 'continuous and systematic general business contacts,' with the forum state, '[so] as to render them essentially at home in the forum State,'" *Id.* (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408 (1984), & *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Plaintiff has not made a prima facie showing of general jurisdiction under this standard. Plaintiff has made no allegations to suggest that Defendant has *any* contacts with the State of Missouri, much less the "continuous and systematic general business contacts" that would permit the Court to find that Defendant should be considered at essentially "at home" here. Defendant's evidence, which Plaintiff does not controvert, shows that Defendant is a Texas corporation, with clinics and testing sites solely in Texas, and that Defendant does not have employees in, own property in, or advertise in, Missouri. The Court therefore concludes that it does not have general jurisdiction over Defendant.

Plaintiff also has not made a prima facie showing that the Court has specific jurisdiction over Defendant. Like general jurisdiction, "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystem*s, Inc., 646 F.3d at 593. In analyzing specific jurisdiction, "The Court must consider whether the defendant has "purposely directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472  (1985)). "The touchstone of the due-process analysis remains whether the defendant has sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Viasystems, Inc.*, 646 F.3d at 594 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There is nothing in Plaintiff's allegations to suggest that Defendant purposely directed any of its activities at residents of Missouri, and Defendant's uncontroverted evidence shows that it did not. Moreover, Plaintiff's allegations show that her alleged injuries arise out of and are related to Defendant's activities in Texas, not any activities in

Missouri or directed to residents of Missouri. The Court concludes that it does not have specific personal jurisdiction.

For all of the above reasons, the Court does not have personal jurisdiction over this case. However, the lack of personal jurisdiction does not necessarily mean that dismissal is required. Even in the absence of personal jurisdiction, the district court has the authority under 28 U.S.C. § 1406(a) to transfer an action to another court based on improper venue. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Carney v. Guerbet, LLC*, No. 4:18-CV-1494 CAS, 2018 WL 6524003, at *5 (E.D. Mo. Dec. 12, 2018) ("The Court may transfer a case pursuant to § 1406(a) despite the fact that it lacks personal jurisdiction over defendants."); *Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 972 (E.D. Mo. 2016) ("If the Court lacks personal jurisdiction over GlaxoSmithKline, then instead of dismissing the company, the Court may transfer the case, pursuant to § 1406(a)."); *MarketSphere Consulting, LLC v. Buzzelli*, No. 4:14-CV-00084-JEG, 2014 WL 12862453, at *5 (S.D. Iowa July 30, 2014) ("Where both venue and personal jurisdiction are lacking, a district court may transfer a case under section 1406(a) to avoid injustice."). Thus, the Court considers the parties' argument regarding venue.

### B. Venue

Federal Rule of Civil Procedure 12(b)(3) authorizes the dismissal of a complaint for "improper venue." Defendant argues that venue is improper under 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

For many of the same reasons discussed above with respect to personal jurisdiction, this case falls into none of these three categories. As to the first category, there is only one defendant in this action, and it is not a resident of Missouri. As to the second category, no substantial part of the events or omissions that gave rise to Plaintiff's claims occurred in the Eastern District of Missouri; they all occurred in Texas. As to the third category, this Court has already found that that the sole defendant in this case is not subject to this Court's personal jurisdiction with respect to this cause of action. Additionally, as Defendant argues, it appears that venue would be proper in the Southern District of Texas.

For all of the above reasons, the Court finds that it does not have personal jurisdiction over this case and that venue is improper. As discussed above, under 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss,

or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Plaintiff requests that the Court transfer the case rather than dismissing it.

Defendant argues that the Court should deny Plaintiff's request to transfer this case for two reasons, neither of which the Court finds persuasive.[2] However, the Court will deny the request for transfer for another reason: Plaintiff has not made allegations sufficient to show federal subject matter jurisdiction over this case. A court lacking *personal* jurisdiction may transfer a case under this provision instead of dismissing it. *See Goldlawr, Inc.*, 369 U.S. at 466. However, a court lacking *subject matter* jurisdiction may not. *See Sanderson v. Spectrum Labs., Inc.*, 248 F.3d 1159, 1160 n.1 (7th Cir. 2000) ("A court may not transfer a case under Section 1406 unless it has subject matter jurisdiction over the action."); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3827 (4th ed. 2020) ("A district judge may not order transfer under Section 1406(a) unless the court has jurisdiction of the subject matter of the action.").

---

[2] First, Defendant argues that the case should not be transferred because Plaintiff "has had multiple opportunities to amend her pleadings and failed to do so under Federal Rule of Civil Procedure 15." Def.'s Reply, Doc. 12, at 3. Although it is true that Plaintiff could have sought leave to amend her pleadings, it is unclear to the Court what amendment Defendant believes Plaintiff should have made with respect to personal jurisdiction or venue but did not. Plaintiff does not appear to want to add any new allegations to her complaint related to jurisdiction or venue; instead, she wants the case transferred to a different district. Moreover, Defendant provides no authority to support denying a request to transfer based on a plaintiff's failure to amend a complaint before making such a request.
Second, Defendant argues that Plaintiff's request to transfer to a federal district court in Texas should be denied because "such transfer will destroy diversity of citizenship for federal subject-matter jurisdiction." *Id.* at 5. Defendant argues that because Plaintiff states in her Complaint that she is a resident of Texas and resides in Richmond, Texas eight months out of the year, and because Defendant is a resident of Texas, the diversity of citizenship required by 28 U.S.C. § 1332 would be lacking if the case were transferred, and the federal district court in Texas would not be able to hear the case for lack of subject matter jurisdiction. Defendant's argument reflects a misunderstanding of the requirements of 28 U.S.C. § 1332. As discussed *infra*, the existence or non-existence of subject matter jurisdiction turns on the citizenship of the parties, not where the district court is located; transfer will not create or destroy subject matter jurisdiction.

Plaintiff brought this action asserting that the Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." § 1332(a)(1). Complete diversity of citizenship is required by § 1332, and complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). As the party asserting jurisdiction, Plaintiff bears the burden of establishing complete diversity of citizenship. *See, e.g., Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 917 (8th Cir. 2015).

Plaintiff has properly alleged that Defendant is a citizen of Texas, because Defendant is incorporated in Texas and has its principal place of business there. *See* 28 U.S.C. § 1332(c) (a corporation is a citizen of the state of incorporation and the state where its principal place of business is located). Plaintiff's allegations regarding her own citizenship, however, are less clear. Plaintiff alleges that she is a "citizen" of Missouri and a "citizen" of Texas; that she is "domiciled" in the Eastern District of Missouri; and that she resides in Missouri one-third of the year and resides one-third of the year in Texas. Despite Plaintiff's allegations, it is well-established that she can only be a citizen of one state for purposes of diversity jurisdiction.[3] The Court cannot determine,

---

[3] *See, e.g., Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) ("The Fourteenth Amendment's reference to 'the' singular 'State' further demonstrates one may reside in, and thus be a citizen of, only one state. By contrast, one may be a resident of multiple states in addition to the state of citizenship."); 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.) (for purposes of determining diversity jurisdiction, "the state citizenship of a natural person is treated as synonymous with domicile . . . Numerous judicial opinions, at all levels of the federal courts, consistently with traditional doctrine in other legal contexts, establish that a person has only one domicile for diversity purposes at a particular time, even though he or she may have several residences in different states") (footnotes omitted).

from Plaintiff's allegations, whether Plaintiff is a citizen of Texas (which would mean diversity of citizenship is lacking) or a citizen of Missouri (which would mean diversity of citizenship is present). Resolution of this issue would likely involve a factually intensive inquiry, and given this Court's lack of personal jurisdiction over this action, the Court does not find that it would be appropriate to resolve those factual issues in this Court.

Because Plaintiff has not met her burden of establishing federal subject matter jurisdiction, and because the Court lacks personal jurisdiction, the Court will deny Plaintiff's request to transfer and will dismiss the case, without prejudice, pursuant to 28 U.S.C. 1406(a).

### III.  CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue is **GRANTED**. (Doc. 7).

**IT IS FURTHER ORDERED** that Plaintiff's request to transfer the case is **DENIED**.

**IT IS FINALLY ORDERED** that this case is **DISMISSED**, without prejudice.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of March, 2021.